## EATON *v.* CALHOUN.

*(Circuit Court, W. D. Tennessee.  March, 1880.)*

CIRCUIT COURTS—JURISDICTION—CASE ARISING UNDER FEDERAL LAWS.

   In an action to recover certain premises, plaintiff averred that he acquired title "through a deed of the United States, executed by the commissioner of internal revenue, with the approval of the secretary of the treasury," by virtue of authority conferred by Act Cong. June 8, 1872, and that "the validity of said act, and his title thereunder, are the only questions in controversy in this case." *Held*, that these averments brought the case within Act Cong. March 3, 1875, conferring on the circuit court concurrent jurisdiction with the state courts in all suits of a civil nature arising under the constitution and laws of the United States.

At Law.  Action to recover lands claimed under deed of commissioner of internal revenue.  On demurrer to declaration.

*Lucien B. Eaton, in pro. per.*
*Jos. M. Gregory,* for defendant.

BAXTER, J. The defendant, by demurrer, denies the jurisdiction of this court, on the ground that both the plaintiff and himself are citizens of Tennessee; and this is the only question presented for our determination. The framers of the constitution seem to have been agreed upon three fundamental ideas—*First,* that a national judiciary was essential to the maintenance of the national authority; *second,* that its powers should be co-extensive with those of the legislative department; and, *third,* that it ought to be so organized and endowed as to insure all the purposes of its establishment. And in furtherance of these principles they made the constitution declare "that the judicial power shall extend to all cases in law and equity arising under the constitution, the laws of the United States, and treaties made, or which shall be made, under their authority." But this constitution needed legislation to make it effective. Hence the twenty-fifth section of the judiciary act of 1789 prescribed a mode whereby parties claiming rights under the constitution or laws of the United States could, after unsuccessfully litigating the same through the state courts, have the judgments or decrees of the state courts against them re-examined and reversed or affirmed by the supreme court of the United States. But this remedy was found to be circuitous, dilatory, and expensive, to obviate which, congress passed the act of March 3, 1875, entitled "An act to determine the jurisdiction of the circuit court," etc. This act, in explicit terms, confers original jurisdiction, concurrent with the courts of the several states, "on the circuit courts of the United States of all suits of a civil nature at common law or in equity where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States." Parties, therefore, claiming rights under the federal constitution or laws, may, since the act of 1875, pursue the remedy given by the aforesaid twenty-fifth section, or, in lieu thereof, bring their suit, in the first instance, in the federal tribunals. But they must, in either case, show by proper and apt averments enough to maintain the federal jurisdiction. Does the plaintiff do this in this case? If he does, we are bound to retain and try the cause. Upon this point the plaintiff, after alleging title, etc., to the premises sued for, says that he acquired his title "through a deed of the United States executed by the commissioner of internal revenue, with the approval of the secretary of the treasury, by virtue of the authority conferred by the act of the 8th of June, 1872, and acts amendatory thereof," and that his "claim of title arises under the aforesaid acts of congress," and that "the validity of said acts of congress, and his title thereunder, are the only questions in controversy" in this case. These averments, admitted by the demurrer, bring the case within the purview of the act of 1875, and clothe the court with jurisdiction in the premises. The demurrer will therefore be disallowed, and defendant will be permitted to plead in bar. The district judge concurs.